HAYNES LORD, JOHN D. WARREN, BENJAMIN SALTER, JR., and JOEL D. STEBBINS, Respondents, *v.* JOHN SHERMAN, Appellant.

A power of attorney " to attend to all business affairs appertaining to real or personal estate," is too indefinite to sustain a transfer of real estate, more particularly that acquired long subsequent to its execution.

By the act of 16 April, 1850, acknowledgments of conveyances taken out of the State, must be taken before some Judge, or clerk of any Court of the United States or Territory, having a seal, or by a Commissioner of this State. If taken before a Notary of another State, it is not sufficient.

Where an assignment does not in terms convey real estate, and cannot be fairly construed as doing so, it is inadmissible to prove a conveyance previous to a given date, and the equitable ownership of the land in question.

Where the value of the premises was agreed upon, the offer of defendant to prove that he could not rent it, was properly refused.

APPEAL from the District Court of the Fourth Judicial District.

In March, 1851, the respondents filed their complaint against the appellant, stating that they were entitled to the possession of the undivided half of two certain lots in the city of San Francisco—describing them; and that the defendant was in possession of, and unlawfully held the same from the plaintiffs; and praying judgment against the defendant for the possession and $5000 damages.

The defendant answered, admitting himself in possession; but denying that the plaintiffs were entitled to possession, &c.

To prove their right of possession, the plaintiffs gave in evidence a sheriff's deed, dated February 26th, 1851, conveying to the plaintiffs all the interest in the premises, which Benjamin Stork, John S. Sherman, and Edward Sherman, or either of them had, on the 25th of November, 1850,—the date of filing in the Recorder's office the transcript of the judgment hereafter mentioned. The deed recited a judgment of the District Court, rendered, November 18th, 1850, for $4280 and costs, in favour of the plaintiffs, and against the said Stork and Shermans, who were partners; but that Stork alone had been served with pro-

cess; that an execution issued on the judgment on the 25th of January, 1851, against the partnership property of Stork and the Shermans, and the individual property of Stork; and that the premises were sold under the execution to the plaintiffs for $500, on the 19th of February, 1851. The judgment and execution, and filing of the transcript, were admitted. The plain-tiffs also gave in evidence the record of a deed conveying the premises to said Stork, in January, 1850; and proved by the Recorder, that there was no conveyance on record by Stork of his interest. It was admitted that the defendant refused to give up the possession to the plaintiffs.

The defence was as follows: On the 16th of April, 1849, in the city of New York, Stork executed and acknowledged, before a Notary Public of that city, the following power of attorney: "Know all men by these presents, that I, Benjamin Stork, of the city of New York, merchant, of the firm of Shermans & Stork, of said city, being about to go to San Francisco, California, and Oregon, and other places on the Pacific coast, and being desirous to leave a proper person duly authorized to attend to and manage all my business whatsoever, either as an individual or as in any way connected with the said copartnership of Shermans & Stork, have made, constituted, and appointed, and by these presents do make, &c., John S. Sherman, of said city, merchant, member of said firm of Shermans & Stork, my true and lawful attorney, for me, and in my name, place, and stead, to attend to all my business affairs, either appertaining to real or personal estate, bank business, or business at the custom-house, or insurance or law business, or the commencement, settlement, or defending any suit or suits in law or equity. Also for me and in my name, place, and stead, to sign, seal, execute, and deliver all and any instrument under seal that he may think proper in and about my said business, either individually or as a member of the firm of Shermans & Stork. Also to settle, compromise, and adjust, pay and discharge all claims and demands, accounts due or owing to me, or from me, or in which I am interested, and give all proper receipts or discharges therefor, whether under seal or not; and to attend to all my business for me of any name or nature, whether real or personal, that may arise during my absence, and whether relating to instruments under seal or not under seal, and to use my name

in and about the same, the same as I could do if personally present. Also to make, indorse, or accept any drafts, bills of exchange, or promissory notes. Also to settle and adjust all claims, &c., between the said firm of Shermans & Stork and Edward S. Sherman; and to make any new arrangement with said Edward S. Sherman as a copartner with said firm; and in case said Edward S. Sherman retires from said partnership of Shermans & Stork, I do hereby authorize and empower said John S. Sherman to continue the partnership with me under the name of Sherman & Stork, and to transact all or any business under said firm, &c. Hereby ratifying and confirming all that my said attorney or his substitute, may do in and about the premises."

On the 26th of August, 1850, a deed of assignment was executed to Robert L. Taylor by "John S. Sherman, Edward S. Sherman, Shermans & Stork, and Benjamin Stork, by John S. Sherman, his attorney," in trust for creditors; purporting to convey "all and any of the debts, dues, demands, property, or claims which we, the said firm of Shermans & Stark, or either of us, have on the firms of Stork & Co., San Francisco, California, and Couch & Co., of the town of Portland, Oregon." Allusion is also made in the record to another assignment for the benefit of creditors, made the 28th of August, 1850, and to powers of attorney from Benjamin Stork and John H. Couch to John K. Osgood, made in October and November, 1850; but neither of those documents appears in the transcript.

It was stipulated at the trial, that at the time of the assignments of August, 1850, John S., and Edward S. Sherman, and Benjamin Stork, were members of the following firms, to wit; Shermans & Stork, composed of themselves alone, the business of which was carried on in New York by the two Shermans; Stork & Co., composed of the same persons, and of John H. Couch, of Oregon, the business of which was carried on in San Francisco, by Benjamin Stork; and Couch & Co., composed of the same persons as Stork & Co., the business of which was carried on in Oregon, by Couch; that Stork, on receiving intelligence of the assignments, affirmed them, by acts or letters; and left for New York in November, 1851, leaving Osgood in charge of the property in question, who held it until the defendant took possession as agent for Taylor, the assignee; that the debts of Couch &

Co. and Stork & Co. were unpaid; that prior to the sheriff's sale to the plaintiffs, written notice of the assignments of August, 1850, was given to the sheriff, and the plaintiffs, by the assignees, &c., and that the value of the use and occupation of the premises, from the date of the sheriff's deed to the time of trial, was $3000. The defendant offered in evidence the assignment above set out, (the execution of which was admitted;) first, to show that Stork's interest had been conveyed to Taylor prior to the judgment; secondly, to show, (in connection with proof that the premises were partnership property, though purchased in the name of Stork,) that the partnership interest in the premises had been conveyed to Taylor. The Court excluded the evidence; and also refused to admit evidence that the premises were partnership property, standing in the name of Stork; that Stork and the Shermans were insolvent, and the defendant was in possession for Couch, the only solvent partner; and that the defendant had been unable to rent the premises, and had received no profits or income therefrom: to all which the defendant excepted. The Court instructed the jury that if they believed the evidence of the plaintiffs, the plaintiffs were entitled to a verdict for the possession of the premises, with $3000 damages; and the jury found accordingly. The defendant appealed.

*Holmes* and *Lippitt*, for the appellant.
*Chetwood*, for the respondents.

The briefs on file are too long for insertion.

Chief Justice MURRAY delivered the opinion of the Court. It is not necessary for the Court to examine all the points raised by the appellant's counsel, ingenious though they may be; as this case turns upon the power of attorney from Stork to Sherman, and the subsequent assignment by the firm of Shermans & Stork. The power of attorney contains no authority to convey real estate, *eo nomine.* The power given "to attend to all business affairs appertaining to real or personal estate," is too indefinite to sustain a transfer of real estate, more particularly that acquired long subsequent to its execution.

The 4th section of the act concerning conveyances, passed April 16th, 1850, requires acknowledgments, when taken out of

the State, to be taken before some Judge, or clerk of any Court of the United States, or of any State or Territory having a seal, or by a commissioner of this State.   The acknowledgment is insufficient, having been taken before a notary of New York, and not in accordance with the statute.

The assignment was inadmissible to prove that the interest of Stork and the two Shermans had been conveyed by them previous to the docketing of the judgment, to Taylor, and that the equitable ownership of the land in dispute was in the firm of Stork & Co.   It is not necessary to determine how far this equitable defence could properly be set up, without having first been pleaded by the defendant, as the assignment does not, in terms, convey any real estate, and cannot fairly be construed as doing so.

As to the remaining question of damages, the value of the premises having been agreed upon, the Court properly refused to allow the testimony offered to prove, that the defendant had been unable to rent any portion of them.

Judgment affirmed, with costs.

A petition for a rehearing was filed; but was overruled at the October term.